UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Kevin Gallagher

    v.                                Civil No. 11-cv-431-JD
                                        Opinion No. 2012 DNH 013

SCM Group North America, Inc.


O R D E R

Kevin Gallagher sued SCM Group North America, Inc., alleging product liability claims arising from injuries he sustained while operating a shaper that was manufactured and sold by SCM. Gallagher moves to amend his complaint to add claims for strict liability based on the shaper's alleged dangerous condition and for enhanced compensatory damages. SCM objects to the motion.


Background

On August 1, 2008, Gallagher severely injured his left hand while operating a shaper, a piece of woodworking equipment manufactured and sold by SCM. Gallagher brought suit against SCM on July 26, 2011, alleging a claim for strict liability based on defective design and a negligence claim for failure to warn.[1]

---

[1] Gallagher filed the action against SCM in Rockingham County Superior Court. SCM removed the case to this court on or about September 9, 2011.

On December 1, 2011, Gallagher moved to amend his complaint.[2]  In his proposed amended complaint, Gallagher's factual allegations remain essentially the same, but he reorganizes claims and adds two new claims.  As proposed, the amended complaint includes Count I, alleging strict product liability; Count II, alleging negligent design; Count III, alleging negligent failure to warn; and Count IV, alleging "wanton and reckless conduct" and claiming enhanced compensatory damages.

## Standard of Review

Federal Rule of Civil Procedure 15(a) governs whether a pleading may be amended before trial.  When the defendant has filed an answer, "a party may amend its pleading only with the opposing party's written consent or the court's leave," and such leave should be freely given "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Under that standard, leave to amend should be granted absent "undue delay in filing the motion, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice to the opposing party, [or] futility of amendment."

---

[2]The parties filed a Joint Discovery Plan, which the court approved on October 12, 2011.  The Discovery Plan provided for a deadline of December 1, 2011, for Gallagher to amend his complaint.

United States ex rel. Gagne v. City of Worcester, 565 F.3d 40, 48 (1st Cir. 2009).

## Discussion

SCM objects to Gallagher's motion to amend the complaint on two grounds. SCM argues that the proposed claim for strict liability is time-barred by the applicable statute of limitations. It also argues that the claim for enhanced compensatory damages would be futile.

A.  Statute of Limitations

SCM argues that Gallagher's strict liability claim is barred by New Hampshire's three-year statute of limitations. See RSA 508:4. In support of its argument, SCM contends that the accident, which is the basis of Gallagher's claims, occurred on August 1, 2008, and that Gallagher's motion to amend the complaint was filed on December 1, 2011, after the limitations period.

Claims that were not asserted within the applicable statute of limitations are time-barred unless those claims satisfy the relation back doctrine. See Fed. R. Civ. P. 15(c); see also Coons v. Indus. Knife Co., Inc., 620 F.3d 38, 41-42 (1st Cir. 2010). Under the relation back doctrine, amended pleadings may

3

be treated, for purposes of the statute of limitations, as having been filed on the date of the original complaint. Abraham v. Woods Hole Oceanographic Inst., 553 F.3d 114, 118 n.5 (1st Cir. 2009); see also Morel v. DaimlerChrysler AG, 565 F.3d 20, 23 (1st Cir. 2009). Pursuant to Rule 15(c)(1)(B), an amended complaint relates back to a prior complaint where "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out-or attempted to be set out-in the original pleading."

Gallagher's proposed claim for strict liability arises out of the same episode and factual allegations that were pled in support of his original claims. Thus, under Rule 15(c)(2), the proposed claim for strict liability relates back to the filing date of the original complaint, July 26, 2011, which was within the limitations period. Therefore, the claim for strict liability based on the allegedly defective and unreasonably dangerous condition of the shaper is not barred by the statute of limitations.[3]

---

[3] SCM essentially concedes the applicability of the relation back doctrine but argues that the motion to amend should be denied on state law grounds. Although the case was removed from state court and involves only state law claims, Rule 15(c), and not New Hampshire law, governs Gallagher's right to amend his complaint. See, e.g., Morel, 565 F.3d at 24-25.

B.   Enhanced Compensatory Damages

SCM contends that Gallagher's assertion of a claim for enhanced compensatory damages would be futile because Gallagher has not sufficiently alleged that SCM exhibited "wanton, malicious, or oppressive" conduct.  SCM argues that such allegations are necessary to state a claim for enhanced compensatory damages.

"In assessing futility [of amendment], the district court must apply the standard which applies to motions to dismiss under Fed. R. Civ. P. 12(b)(6)."  Adorno v. Crowley Towing & Transp. Co., 443 F.3d 122, 126 (1st Cir. 2006).  The court "take[s] as true all well-pleaded allegations and draw[s] all reasonable inferences in the plaintiff's favor."  Ezra Charitable Trust v. Tyco Int'l, Ltd., 466 F.3d 1, 5-6 (1st Cir. 2006); see also Garita Hotel Ltd. P'ship v. Ponce Fed. Bank, 958 F.2d 15, 17 (1st Cir. 1992).  A motion to amend should not be denied on grounds of futility "unless it is apparent beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief."  Stanton v. Metro Corp., 438 F.3d 119, 123-24 (1st Cir. 2006) (internal quotation marks and citations omitted).

SCM argues that Gallagher has not alleged that it exhibited wanton, malicious, or oppressive conduct because he has not

alleged that SCM acted with "ill will, hatred, hostility, or evil motive." Such allegations, however, are required only to show "malicious" conduct. See Bartlett v. Mutual Pharm. Co., Inc., 2010 WL 3659789, at *12 (D.N.H. Sept. 14, 2010); see also Walter L. Murphy & Daniel C. Pope, *New Hampshire Civil Jury Instructions* § 9.14 (2010). Here, Gallagher alleges that SCM's conduct was wanton, not malicious. An act is "wanton" if the defendant recklessly creates a risk of great harm. See Minion Inc. v. Burdin, 929 F. Supp. 521, 525 (D.N.H. 1996) (citing Thompson v. Forest, 136 N.H. 215, 220 (1992)).

Gallagher alleges in his amended complaint that SCM acted wantonly through its negligent design of the shaper, by failing to provide adequate instructions or warnings concerning operation of the shaper, and by manufacturing and selling shapers in defective or unreasonably dangerous conditions. Drawing all reasonable inferences in the light most favorable to Gallagher, his allegations plausibly support a claim that SCM recklessly created a risk of great harm. At this preliminary stage, Gallagher has alleged enough to state a claim for enhanced compensatory damages. Therefore, Gallagher is entitled to amend his complaint to assert a claim for enhanced compensatory damages.

Conclusion

For the foregoing reasons, Gallagher's motion to amend the complaint (document no. 9) is granted.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

January 18, 2012

cc: Todd J. Hathaway, Esquire
Joseph Gardner Mattson, Esquire
James Dartlin Meadows, Esquire
Peter M. Solomon, Esquire